UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL N. KAYE,　　　　　　　　　　　　No. 08-12570

　　　　　Plaintiff,　　　　　　　　　　　　District Judge Nancy G. Edmunds

v.　　　　　　　　　　　　　　　　　　　　Magistrate Judge R. Steven Whalen

ACME INVESTMENTS, INC.,
ET.AL.,

　　　　　Defendants.
　　　　　　　　　　　　　　　　　　　　/

**ORDER DENYING MOTION FOR RULE 11 SANCTIONS**

On August 20, 2008, Defendants filed a Motion to Impose Sanctions Pursuant to FRCP 11(b)(2) [Docket #9]. According to the proof of service, this motion was served on the Plaintiff on August 21, 2008, one day after filing.

Rule 11 provides for sanctions against an attorney or unrepresented party who files a pleading for any improper purpose, or which has no basis in law or fact. *See Business Guides, Inc. v. Chromatic Communications, Inc.*, 498 U.S. 533, 541-46 (1991). *Pro se* litigants must comply with Rule 11 no less than attorneys, and must make a reasonable inquiry as to whether the pleading in question is well-grounded in fact and warranted by existing law. *Danvers v. Danvers*, 959 F.2d 601, 604-605 (6th Cir. 1992). The primary purpose of Rule 11 sanctions is to deter future conduct of a like nature. *Id.*; Fed.R.Civ.P. 11(c)(2) ("A sanction imposed for violation of this rule shall be limited to what is sufficient

-1-

to deter repetition of such conduct or comparable conduct by others similarly situated").

Rule 11(c)(2) sets forth a "safe harbor" provision that requires that a motion for sanctions not be filed until 21 days after service. "A party seeking Rule 11 sanctions must satisfy the procedural requirements of [Rule 11(c)(2)], commonly known as the 'safe harbor' provision. This is an 'absolute requirement.'" *Mabbitt v. Midwestern Audit Service, Inc.* 2008 WL 1840620, *1 (E.D.Mich. 2008) (Edmunds, J.), citing *Ridder v. City of Springfield,* 109 F.3d 288, 296 (6th Cir.1997). In *Ridder*, the Sixth Circuit also stated that "sanctions under Rule 11 are unavailable unless the motion for sanctions is served on the opposing party for the full twenty-one day 'safe harbor' period before it is filed with or presented to the court." *Id.* at 297.

In this case, the Defendants did not comply with the "safe harbor" provision of Rule 11, because they filed the motion one day prior to service on the Plaintiff, rather than 21 days after service. Therefore, the motion is DENIED.

SO ORDERED.

S/R. Steven Whalen
R. STEVEN WHALEN
UNITED STATES MAGISTRATE JUDGE

Dated: October 1, 2008

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served on the attorneys and/or parties of record by electronic means or U.S. Mail on October 1, 2008.

S/Gina Wilson
Judicial Assistant